**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION, NATIONAL CENTER FOR YOUTH LAW, <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF HEALTH AND HUMAN SERVICES, ADMINISTRATION FOR CHILDREN AND FAMILIES, OFFICE OF REFUGEE RESETTLEMENT, <br><br> Defendants. | No. 26 Civ. 3098 (JMF) |

## ANSWER

Defendants the U.S. Department of Health and Human Services ("HHS"), HHS's Administration for Children and Families ("ACF"), and ACF's Office of Refugee Resettlement ("ORR," and with HHS and ACF, "the Government"), by their attorney Jay Clayton, United States Attorney for the Southern District of New York, hereby answer the Complaint of plaintiffs American Civil Liberties Union Foundation and National Center for Youth Law ("Plaintiffs") upon information and belief as follows.

### Preliminary Statement[1]

1.      The allegations in paragraph 1 contain Plaintiffs' characterization of this lawsuit, to which no response is required.  The remaining allegations consist of Plaintiffs' characterization of their 2025 Freedom of Information Act ("FOIA") request to ACF (the "FOIA Request" or the "Request"), to which no response is required.  To the extent a response is required, Defendants

---

[1] Headings from the Complaint are included only for ease of reference.  By including them, Defendants do not admit the accuracy of the headings.

refer the Court to the Request, which is attached to the Complaint as Exhibit A, for a complete and accurate statement of its contents, and deny the allegations to the extent they fail to reflect or accurately characterize the Request's true contents.

2. The allegations in paragraph 2 state Plaintiffs' belief as to the vulnerability of unaccompanied minors in ORR custody, are vague and ambiguous, and fail to state facts in support of a claim or cause of action. To the extent a response is required, because, *inter alia*, these allegations do not reference a particular timeframe, deny knowledge or information sufficient to form a belief as to the numbers of unaccompanied minors with the histories referenced by Plaintiffs.

3. The allegations in paragraph 3 state Plaintiffs' characterization of care provided to unaccompanied minors in ORR custody and fail to state facts in support of a claim or cause of action. To the extent a response is required, admit that ORR provides these resources for certain unaccompanied minors in its custody.

4. The allegations in paragraph 4 state Plaintiffs' characterizations of 89 Fed. Reg. 34384, of HHS's past practices, and of a prior lawsuit, and they fail to state facts in support of a claim or cause of action. To the extent a response is required, Defendants refer the Court to the cited regulation for a complete and accurate statement of its contents, deny the allegations to the extent they fail to reflect and accurately characterize that regulation's true contents, and deny the remaining allegations.

5. The first sentence of paragraph 5 states Plaintiffs' characterization of their purported reasons for making the FOIA Request and fails to state facts in support of a claim or cause of action. To the extent a response is required to the first sentence of paragraph 5, deny knowledge or information sufficient to form a belief as to the reason Plaintiffs seek these agency

2

records.  As to the second sentence of paragraph 5, admit Plaintiffs made the Request to ACF on or about February 10, 2025; admit that ACF is a component of HHS; and admit that Defendants had not yet responded to the Request when Plaintiffs filed suit.

6.      The allegations in paragraph 6 consist of conclusions of law to which no response is required.  To the extent a response is required, deny.

7.      The allegations in paragraph 7 state Plaintiffs' characterization of their purported reasons for making the FOIA Request, are vague and ambiguous, and fail to state facts in support of a claim or cause of action.  To the extent a response is required, deny knowledge or information sufficient to form a belief as to the reason Plaintiffs seek these agency records.

### Jurisdiction and Venue

8.      The allegations in paragraph 8 consist of conclusions of law regarding jurisdiction, to which no response is required.

9.      Defendants deny knowledge or information sufficient to form a belief as to Plaintiffs' principal places of business.  The remaining allegations in paragraph 9 consist of conclusions of law as to venue, to which no response is required.

### Parties

10.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 10.

11.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 11.

12.     The allegations in paragraph 12 include a conclusion of law regarding the meaning of the cited FOIA provision, to which no response is required.  Defendants admit HHS is a federal agency within the executive branch.  As to the allegation quoting from 8 U.S.C. § 1232, Defendants refer the Court to that statute for a complete and accurate statement of its contents and

deny that allegation to the extent it fails to reflect and accurately characterize the statute's true contents.

13.     The allegations in paragraph 13 include a conclusion of law regarding the meaning of the cited FOIA provision, to which no response is required.  Admit that ORR is an office within ACF, which is a component of HHS, and that ORR provides for the care of unaccompanied minors in its custody.

14.     The allegations in paragraph 14 include a conclusion of law regarding the meaning of the cited FOIA provision, to which no response is required.  Admit that ORR is an office within ACF; that ACF operates the Unaccompanied Alien Children Bureau; and that the Unaccompanied Alien Children Bureau engages with certain contractors to provide care to unaccompanied minors in ORR's custody.

### Unaccompanied Youth in ORR Custody

15.     The allegations in paragraph 15 state Plaintiffs' characterization of 6 U.S.C. § 279(g)(2).  Defendants refer the Court to that provision for a complete and accurate statement of its contents and deny the allegations to the extent they fail to reflect and accurately characterize the provision's true contents.

16.     The allegations in paragraph 16 state Plaintiffs' characterization of their purported reasons for making the FOIA Request, are vague and ambiguous, and fail to state facts in support of a claim or cause of action.  To the extent a response is required, because, *inter alia*, these allegations do not reference a particular timeframe, deny knowledge or information sufficient to form a belief as to the numbers of unaccompanied minors with the histories referenced by Plaintiffs.

17.     The allegations in paragraph 17 state Plaintiffs' characterization of the reasons unaccompanied minors in ORR's custody entered the United States, are vague and ambiguous,

and fail to state facts in support of a claim or cause of action.  To the extent a response is required, because, *inter alia*, these allegations do not reference a particular timeframe, deny knowledge or information sufficient to form a belief as to the number of unaccompanied minors who do not speak English.

18.     The allegations in paragraph 18 state Plaintiffs' characterization of 8 U.S.C. § 1232(b)(1) and fail to state facts in support of a claim or cause of action.  To the extent a response is required, Defendants refer the Court to that provision for a complete and accurate statement of its contents and deny the allegations to the extent they fail to reflect and accurately characterize the provision's true contents.

19.     The allegations in paragraph 19 state Plaintiffs' characterization of care provided by ORR to unaccompanied minors in its custody and fail to state facts in support of a claim or cause of action.  To the extent a response is required, admit that ORR engages with certain contractors to provide care to unaccompanied minors in ORR's custody prior to their release.

20.     The allegations in paragraph 20 state Plaintiffs' characterization of data posted by ORR and fail to state facts in support of a claim or cause of action.  To the extent a response is required, Defendants refer the Court to that data, which is available at the link contained in footnote 1 to paragraph 20, for a complete and accurate statement of its contents and deny the allegations to the extent they fail to reflect and accurately characterize the data's true contents.

21.     The allegations in paragraph 21 state Plaintiffs' characterization of data posted by ORR and fail to state facts in support of a claim or cause of action.  To the extent a response is required, Defendants refer the Court to that data, which is available at the links contained in footnote 2 and 3 to paragraph 21, for a complete and accurate statement of their contents and deny the allegations to the extent they fail to reflect and accurately characterize the data's true contents.

**Right to Reproductive Healthcare while in ORR Custody**

22.     The allegations in paragraph 22 state Plaintiffs' characterization of 45 C.F.R. §§ 410.1307(a) and 410.1001 and fail to state facts in support of a claim or cause of action. To the extent a response is required, Defendants refer the Court to those provisions for a complete and accurate statement of their contents and deny the allegations to the extent they fail to reflect and accurately characterize the provisions' true contents.

23.     The allegations in paragraph 23 state Plaintiffs' characterization of ORR's Initial Medical Examination and of 45 C.F.R. § 410.1307(b)(2), are vague and ambiguous, and fail to state facts in support of a claim or cause of action. To the extent a response is required, Defendants refer the Court to that provision for a complete and accurate statement of its contents and deny the allegations to the extent they fail to reflect and accurately characterize the provision's true contents.

24.     As to the first sentence of paragraph 24, deny knowledge or information sufficient to form a belief as to whether certain unaccompanied minors in ORR custody first learn they are pregnant through an ORR-administered pregnancy test. The second sentence of paragraph 24 states Plaintiffs' belief as to the importance of access to non-directive options counseling and the option to access abortion care and fails to state facts in support of a claim or cause of action.

25.     The allegations in paragraph 25 state Plaintiffs' characterization of 45 C.F.R. § 410.1307(d) and fail to state facts in support of a claim or cause of action. To the extent a response is required, Defendants refer the Court to that provision for a complete and accurate statement of its contents and deny the allegations to the extent they fail to reflect and accurately characterize the provision's true contents.

26.     The allegations in paragraph 26 state Plaintiffs' characterization of 45 C.F.R. § 410.1307(c) and fail to state facts in support of a claim or cause of action. To the extent a

response is required, Defendants refer the Court to that provision for a complete and accurate statement of its contents and deny the allegations to the extent they fail to reflect and accurately characterize the provision's true contents.

27.     The allegations in paragraph 27 state Plaintiffs' characterization of 45 C.F.R. §§ 410.1103 and 410.1307(c) and fail to state facts in support of a claim or cause of action.  To the extent a response is required, Defendants refer the Court to those provisions for a complete and accurate statement of their contents and deny the allegations to the extent they fail to reflect and accurately characterize the provisions' true contents.

28.     The allegations in paragraph 28 state Plaintiffs' characterization of 45 C.F.R. § 410.1307(c) and fail to state facts in support of a claim or cause of action.  To the extent a response is required, Defendants refer the Court to that provision for a complete and accurate statement of its contents and deny the allegations to the extent they fail to reflect and accurately characterize the provision's true contents.

29.     The allegations in paragraph 29 state Plaintiffs' characterization of the cited ORR Field Guidance and fail to state facts in support of a claim or cause of action.  To the extent a response is required, Defendants refer the Court to that guidance, which is available at the link in footnote 4 in paragraph 29, for a complete and accurate statement of its contents and deny the allegations to the extent they fail to reflect and accurately characterize its true contents.

30.     The allegations in paragraph 30 state Plaintiffs' characterization of 45 C.F.R. § 410.1307(c) and fail to state facts in support of a claim or cause of action.  To the extent a response is required, Defendants refer the Court to that provision for a complete and accurate statement of its contents and deny the allegations to the extent they fail to reflect and accurately characterize the provision's true contents.

**ORR's History of Obstructing Access to Reproductive Healthcare**

31.     The allegations in paragraph 31 state Plaintiffs' characterization of a prior litigation and settlement and past conditions of detention for unaccompanied minors in HHS's custody and fail to state facts in support of a claim or cause of action.  To the extent a response is required, Defendants refer the Court to that settlement agreement, which is cited in paragraph 31, for a complete and accurate statement of its contents, deny the allegations to the extent they fail to reflect and accurately characterize the agreement's true contents, and otherwise deny the allegations.

32.     The allegations in paragraph 32 state Plaintiffs' characterization of a settlement agreement and fail to state facts in support of a claim or cause of action.  To the extent a response is required, Defendants refer the Court to that settlement agreement, which is cited in paragraph 32, for a complete and accurate statement of its contents and deny the allegations to the extent they fail to reflect and accurately characterize the agreement's true contents.

33.     The allegations in paragraph 33 state Plaintiffs' characterization of ORR's conduct over the last two decades with respect to reproductive healthcare and fail to state facts in support of a claim or cause of action.  To the extent a response is required, deny.

34.     The allegations in paragraph 34 state Plaintiffs' characterization of ORR's implementation of a 2008 policy and fail to state facts in support of a claim or cause of action.  To the extent a response is required, because, *inter alia*, Plaintiffs have failed to identify the policy with specificity and failed to identify the "care provider" referenced, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35.     The allegations in paragraph 35 state Plaintiffs' characterization of a letter ORR purportedly sent in 2008 and fail to state facts in support of a claim or cause of action.  To the extent a response is required, because, *inter alia*, Plaintiffs have failed to identify the "care

8

provider" referenced, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36.     The allegations in paragraph 36 state Plaintiffs' characterization of ORR's conduct in 2008 and fail to state facts in support of a claim or cause of action.  To the extent a response is required, deny.

37.     The allegations in paragraph 37 state Plaintiffs' characterization of a 2017 ORR policy and fail to state facts in support of a claim or cause of action.  To the extent a response is required, deny.

38.     The allegations in the first sentence of paragraph 38 state Plaintiffs' characterization of a prior lawsuit and fail to state facts in support of a claim or cause of action. To the extent a response is required, Defendants refer the Court to the docket of the lawsuit cited in paragraph 38 for a complete and accurate statement of the proceedings before the court, and deny the allegations to the extent they fail to reflect and accurately characterize the proceedings before the court.  To the extent a response is required to the second sentence of paragraph 38, deny.

39.     The allegations in paragraph 39 state Plaintiffs' characterization of a prior lawsuit and settlement and fail to state facts in support of a claim or cause of action.  To the extent a response is required, Defendants refer the Court to the docket of the lawsuit cited in paragraph 38 for a complete and accurate statement of the proceedings before the court, and deny the allegations to the extent they fail to reflect and accurately characterize the proceedings before the court.

40.     The allegations in the first sentence of paragraph 40 state Plaintiffs' characterization of a settlement agreement and the reasons the government adopted the current regulations and certain ORR Field Guidance and fail to state facts in support of a claim or cause of action.  To the extent a response is required, Defendants refer the Court to that settlement

agreement, which is cited in paragraph 40, for a complete and accurate statement of its contents and deny the allegations to the extent they fail to reflect and accurately characterize the agreement's true contents. The allegations in the second sentence of paragraph 40 quote 89 Fed. Reg. 34384 and fail to state facts in support of a claim or cause of action. To the extent a response is required, Defendants refer the Court to that regulation for a complete and accurate statement of its contents and deny the allegations to the extent they fail to reflect and accurately characterize its true contents.

41. The allegations in paragraph 41 state Plaintiffs' characterization of an opinion issued by the Department of Justice's Office of Legal Counsel and fail to state facts in support of a claim or cause of action. To the extent a response is required, Defendants refer the Court to that opinion, which is available at the link in footnote 5 in paragraph 41, for a complete and accurate statement of its contents and deny the allegations to the extent they fail to reflect and accurately characterize its true contents.

42. The allegations in paragraph 42 state Plaintiffs' characterization of an announcement by HHS and fail to state facts in support of a claim or cause of action. To the extent a response is required, Defendants refer the Court to that announcement, which is available at the link in footnote 6 in paragraph 42, for a complete and accurate statement of its contents and deny the allegations to the extent they fail to reflect and accurately characterize its true contents.

43. The allegations in paragraph 43 state Plaintiffs' characterization of a news article and fail to state facts in support of a claim or cause of action.

44. The allegations in paragraph 44 state Plaintiffs' characterization of their purported reasons for making their FOIA Request and fail to state facts in support of a claim or cause of action.

**The FOIA Request and the Agency's Response**

45.    Admit that Plaintiffs made the FOIA Request to ACF in February 2025.  The remaining allegations in paragraph 45 state Plaintiffs' characterization of their FOIA Request. Defendants refer the Court to the Request, which is attached Complaint as Exhibit A, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the Request's true contents.

46.    Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 46.

47.    Deny knowledge or information sufficient to form a belief as to whether Plaintiffs unsuccessfully attempted to submit the FOIA Request via HHS's online FOIA portal.

48.    Admit.

49.    Admit.

50.    Admit.

51.    Admit.

52.    Admit.

**Defendants Failed to Fulfill Their Statutory and Regulatory Obligations**

53.    The allegations in paragraph 53 consist of Plaintiffs' conclusions of law as to statutory and regulatory FOIA deadlines, to which no response is required.

54.    The allegations in paragraph 54 state Plaintiffs' characterization of 45 C.F.R. § 5.24(a).  Defendants refer the Court to that provision for a complete and accurate statement of its contents and deny the allegations to the extent they fail to reflect and accurately characterize its true contents.

55.    The allegations in paragraph 55 state Plaintiffs' characterization of 5 U.S.C. § 552(a)(6)(A)(i) and 45 C.F.R. § 5.24(b).  Defendants refer the Court to those provisions for a

11

complete and accurate statement of their contents and deny the allegations to the extent they fail to reflect and accurately characterize their true contents.

56.     The allegations in paragraph 56 state Plaintiffs' characterization of 5 U.S.C. § 552(a)(3)(A), (C).  Defendants refer the Court to those provisions for a complete and accurate statement of their contents and deny the allegations to the extent they fail to reflect and accurately characterize their true contents.

57.     The allegations in paragraph 57 state Plaintiffs' characterization of 5 U.S.C. § 552(a)(6)(C)(i).  Defendants refer the Court to that provision for a complete and accurate statement of its contents and deny the allegations to the extent they fail to reflect and accurately characterize its true contents.

58.     Admit.

59.     The allegations in paragraph 59 state Plaintiffs' characterization of their purported reasons for filing this action, to which no response is required.

**<u>Plaintiffs' Entitlement to a Waiver or Reduction of Processing Fees</u>**

60.     The allegations in paragraph 60 state Plaintiffs' characterization of their FOIA Request.  Defendants refer the Court to the Request, which is attached Complaint as Exhibit A, for a complete and accurate statement of its contents, and denies the allegations to the extent they fail to reflect or accurately characterize the Request's true contents.

61.     The allegations in the first and second sentences of paragraph 61 state Plaintiffs' characterization of the public interest in the records they seek, to which no response is required. To the extent a response is required, deny.  As to the allegations in the remainder of paragraph 61, deny knowledge or information sufficient to form a belief as to the truth of those allegations.

62.     Deny knowledge or information sufficient to form a belief as to whether Plaintiff ACLUF is seeking these records for commercial use.  The remaining allegation in paragraph 62

consists of Plaintiffs' conclusion of law as to whether the ACLUF qualifies as a "representative of the news media" under FOIA statutory and regulatory provisions, to which no response is required. To the extent a response is required, deny.

63.    Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 63.

64.    The allegations in paragraph 64 state Plaintiffs' characterization of 45 C.F.R. § 5.53(d)(1).  Defendants refer the Court to that provision for a complete and accurate statement of its contents and deny the allegations to the extent they fail to reflect and accurately characterize its true contents.

## Cause of Action

65.    Paragraph 65 incorporates by reference the prior paragraphs of the complaint, to which Defendants have responded above.

66.    The allegations in paragraph 66 consist of conclusions of law to which no response is required.

67.    The allegations in paragraph 67 consist of conclusions of law to which no response is required.

68.    The allegations in paragraph 68 consist of conclusions of law to which no response is required.

69.    The allegations in paragraph 69 consist of conclusions of law to which no response is required.

70.    The allegations in paragraph 70 consist of conclusions of law to which no response is required.

## Requested Relief

The remainder of the complaint consists of Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatever.

## DEFENSES

For further defenses, Defendants allege as follows:

1.     Exceptional circumstances exist that necessitate additional time for Defendants to process the Request. *See* 5 U.S.C. § 552(a)(6)(C).

2.     Some or all of the requested records (or portions thereof) are exempt from disclosure under 5 U.S.C. § 552(b).

3.     Plaintiffs are not entitled to non-exempt portions of records that are not reasonably segregable from exempt portions of records.

4.     The Court lacks subject matter jurisdiction over Plaintiffs' requests for relief that exceed the relief authorized by statute under FOIA, 5 U.S.C. § 552.

5.     Plaintiffs are not entitled to attorneys' fees and costs.

Defendants may have additional defenses which are not known at this time but may become known through further proceedings. Accordingly, Defendants reserve the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE Defendants respectfully request that the Court: (1) dismiss the complaint with prejudice; (2) enter judgment in favor of Defendants; and (3) grant such further relief as the Court deems just and proper.

DATE:  New York, New York
       May 20, 2026

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:    */s/ Jacob Lillywhite*
      JACOB LILLYWHITE
      Assistant United States Attorney
      86 Chambers Street, Third Floor
      New York, New York 10007
      (212) 637-2639
      jacob.lillywhite@usdoj.gov

15